# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

CURTIS HARPER,

Plaintiff,

v.

SCHNEIDER NATIONAL
CARRIERS, INC.,

Defendant.

Case No. 16-cv-7611

Judge Mary M. Rowland

## MEMORANDUM OPINION AND ORDER

Plaintiffs Curtis Harper (Harper) filed this employment action against Schneider National Carriers, Inc. (Schneider) on July 27, 2016. He alleges that Schneider discriminated against him because of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623(a), his race in violation of 42 U.S.C. § 1981, and his disability in violation of the Americans with Disability Act, 42 U.S.C. § 12101 *et. seq.* Before the court is Schneider's motion to dismiss plaintiff's second amended complaint for lack of standing under Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, based on judicial estoppel under Federal Rule of Civil Procedure 12(b)(6).[1] (Dkt. 47) For the reasons stated below, Defendant's motion [47] is denied.

---

[1] Plaintiff was permitted to file a first amended complaint on February 6, 2018 (Dkt. 18; Dkt. 20) and a Second Amended Complaint on March 22, 2019 (Dkt. 46; Dkt. 45).

## A. Legal Standard

Schneider's Rule 12(b)(1)'s motion accepts as true the facts alleged in the complaint, so it is a facial challenge to Harper's standing rather than a factual one. *See Apex Digital, Inc. v. Sears, Roebuck & Co.,* 572 F.3d 440, 443-44 (7th Cir. 2009). In considering a facial challenge, the court accepts all the facts contained in the complaint as true and draws all reasonable inferences in plaintiff's favor. *Id.* at 443-44; *Munson v. Gaetz,* 673 F.3d 630, 632 (7th Cir. 2012).

The challenge based on judicial estoppel is brought under Federal Rule of Civil Procedure 12(b)(6). Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558, 127 S. Ct. 1955, 1966 (2007). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quotations and citation omitted). As with the standing challenge here, the court accepts Harper's well-pleaded factual allegations as true and draws all permissible inferences in his favor. *Fortres Grand Corp.,* 763 F.3d at 700.

The papers filed and order entered in Harper's bankruptcy case are subject to judicial notice. *See Kimble v. Donahoe,* 511 Fed. Appx. 573, 575 n.2 (7th Cir. 2013). The following facts are set forth as favorably to Harper as permitted.

## B. Background Facts

Harper initiated this action *pro se* and sought permission to proceed *in forma pauperis* (IFP). His IFP petition was denied, without prejudice, on December 6, 2016 after the court found it was "incomplete." (Dkt. 6) The court ordered Harper to pay the $400.00 filing fee; file a new IFP petition by January 9, 2017; or risk dismissal of his action. (*Id.*) On January 9, 2017, the day Harper's renewed IFP application was due, he instead filed a bankruptcy petition (Petition) under Chapter 13 with the assistance of bankruptcy counsel. *In re Curtis Harper,* No. 17-00507 (Bankr. N.D. Ill). It is not disputed that Harper did not disclose this lawsuit or the claims in his Bankruptcy petition.

Approximately three weeks later, on January 27, 2017, Harper filed his amended IFP application. (Dkt. 10) The court granted that application on March 27, 2017 and Harper's *pro se* Complaint was docketed and served on Schneider. (Dkt. 11; Dkt. 12) On July 24, 2017, Harper converted his bankruptcy action from a Chapter 13 to a Chapter 7. Finally, on October 24, 2017 the bankruptcy court discharged Harper's debts.[2]

## C. Analysis

Schneider argues that Harper lacks standing to assert his claims because they have become the property of his bankruptcy estate, and in the alternative, that Harper's claims should be barred by the doctrine of judicial estoppel. Schneider notes that in Harper's Chapter 7 bankruptcy proceeding, he was asked to identify assets

---

[2] On January 31, 2018, retained counsel appeared on behalf of Harper in this case.

including "[c]laims against third parties, whether or not you have filed a lawsuit or made a demand for payment" and "[o]ther contingent and unliquidated claims of every nature." *In re Curtis Harper*, No. 17-00507 (Dkt 1 at 15). Harper represented he had no such assets, claims, or lawsuits. Schneider argues judicial estoppel is fatal to Harper's claims.

"[T]he threshold issue is not whether to apply judicial estoppel but whether [Harper] is the real party in interest." *Bistek v. Soo Line R. Co.*, 440 F.3d 410, 413 (7th Cir. 2006). This issue is sometimes addressed in terms of standing, sometimes in terms of the real party in interest, and sometimes in terms of both. *See Spaine v. Community Contacts, Inc.*, 756 F.3d 542 (7th Cir. 2014) (collecting cases). Regardless of the term, a legal claim arising out of events occurring before a debtor's bankruptcy filing belongs to the debtor's estate. *Bistek*, 440 F.3d at 413; *In re Polis*, 217 F.3d 899, 901-02 (7th Cir. 2000). In Chapter 7 proceedings, only the trustee has standing to bring such claims. *Muhammad v. Aurora Loan Servs.*, No. 13 C 1915, 2015 WL 1538409, at *3 (N.D. Ill. Mar. 31, 2015) (citing *Brucker v. Quirk, Inc.*, No. 13 C 5903, 2014 WL 960800, at *2 (N.D. Ill. Mar. 12, 2014)). Accordingly, the Court must examine whether Plaintiff has standing to bring his claims before determining the merits of those claims.

Harper's claims in the present case involve conduct or transactions occurring prior to the January 9, 2017 filing of his bankruptcy petition. His discrimination and retaliation claims involve conduct from January and February 2015. These acts all

occurred before Harper's bankruptcy filing, and therefore all claims based on these actions became the property of the estate.

These claims remained the property of the estate after the closing of Harper's bankruptcy case. The Bankruptcy Code provides that unless the court orders otherwise, property identified in the debtor's schedules that is not otherwise administered is abandoned to the debtor. 11 U.S.C. § 554(c). The limitation of this abandonment provision "plainly raises the inference that property not scheduled is not abandoned." *Muhammad,* 2015 WL 1538409, at *3. This inference is reinforced by the Bankruptcy Code's next subsection, § 554(d), which states that property not abandoned in accordance with § 554 remains property of the estate. Thus, federal courts have observed that a bankruptcy trustee "cannot abandon unscheduled assets." *In re Green*, 42 Fed. Appx. 815, 820 (7th Cir. 2002); *see also Murphy v. FT Travel Mgmt, LLC*, No. 13 C 4685, 2014 WL 1924045, at *3 (N.D. Ill. May 14, 2014) ("[t]he Court's conclusion regarding abandonment is derived essentially from first principles—that is, how can the trustee affirmatively abandon a claim that she does not know exists?"). This principle applies even after the bankruptcy case closes. *Muhammad,* 2015 WL 1538409, at *3 (citing *Tyler v. DH Capital Mgmt., Inc.*, 736 F.3d 455 (6th Cir. 2013)). "[I]f a legal claim is not scheduled or otherwise administered by the time the bankruptcy is closed, it forever remains property of the estate, and the trustee remains the real party in interest." *Matthews v. Potter*, 316 Fed. Appx. 518, 521 (7th Cir. 2009).

However, the Courts of Appeals have found that unscheduled assets may be considered abandoned by the estate when the record indicates that the trustee knew of their existence and elected not to pursue their recovery. *See, for example, Spaine*, 756 F.3d at 456-47; *Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 620-21 (7th Cir. 2002). However, nothing in the record for this case suggests that Harper's bankruptcy trustee knew about Harper's legal claims. The trustee accordingly retains the exclusive right to litigate Harper's claims.

Harper's lack of standing does not necessarily dictate dismissal of the current action. Harper's "lack of standing raises issues regarding his own status as the real party in interest under Federal Rule of Civil Procedure 17, not the Court's power to adjudicate the action." *Muhammad,* 2015 WL 1538409, at *4 (citing *Hernandez v. Forest Pres. Dist. of Cook Cnty.*, No. 08 C 5731, 2010 WL 129499, at *2-3 n.4 (N.D. Ill. Mar. 29, 2010)). Under Federal Rule of Civil Procedure 17(a)(3), an action should not be dismissed for failure to prosecute in the name of the real party in interest until that party has been given a reasonable time to ratify, join, or be substituted into the action. Fed. R. Civ. P. 17(a)(3). The trustee may be substituted as the proper plaintiff in place of a debtor who lacks standing to pursue claims belonging to the bankruptcy estate. *Kleven v. Walgreen Co.*, 373 Fed. Appx. 608, 610-11 (7th Cir. 2010). Consistent with Rule 17(a)(3), the Court will give Harper 60 days for the trustee to ratify, join, or be substituted as a party. If the trustee declines to take any action with respect to these claims, the case will be dismissed with prejudice.

## **Conclusion**

Defendant's motion to dismiss is denied. Under Federal Rule of Civil Procedure 17(a), Harper is not the real party in interest. The real party in interest is Harper's Bankruptcy estate and only the bankruptcy trustee may bring those claims. Pursuant to Rule 17(a)(3), the Court will allow a reasonable time for the trustee to ratify, join, or be substituted as a party. If the trustee declines to take any action with respect to these claims within 60 days of this Order, the claims will be dismissed with prejudice.

E N T E R:

Dated: January 29, 2020

_____
MARY M. ROWLAND
United States District Judge